UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH ADAMS, JR.,<br>    Plaintiff, | [Wayne Co. Cir. Court case no. 21-012398-CZ;<br>Hon. Leslie Kim Smith] |
| v. | E.D. Mich. case no. _____<br>Hon. _____ |
| FORD MOTOR COMPANY,<br>AND UAW INTERNATIONAL,<br>    Defendants. | |

| | |
|---|---|
| Joseph Adams, Jr.<br>*In pro per*<br>8202 Inkster Road<br>Dearborn Heights, MI  48127 | JOHN R. CANZANO (P30417)<br>McKNIGHT, CANZANO, SMITH,<br>RADTKE & BRAULT, P.C.<br>Attorneys for Defendant UAW International<br>423 N. Main Street, Suite 200<br>Royal Oak, MI  48067<br>(248) 354-9650<br>jcanzano@michworkerlaw.com |

## **NOTICE OF REMOVAL**

Defendant UAW International Union, by its undersigned attorneys, files this Notice of Removal pursuant to 28 U.S.C. §§1331, 1441 and 1446, to remove this action from the Michigan Third (Wayne County) Circuit Court to the United States District Court for the Eastern District of Michigan. In support, Defendant UAW International states as follows:

1.  On September 3, 2021, *pro se* Plaintiff Joseph Adams, Jr. filed a Complaint against Ford Motor Company and the UAW International ("Union Defendant") in the Third (Wayne County) Circuit Court, case no. 21-012398-CZ. (Ex. 1).

2. Plaintiff served the Summons and Complaint upon the Defendant Union on September 30, 2021. On information and belief, Plaintiff has not yet served the Summons and Complaint upon Defendant Ford Motor Company ("Ford Defendant").

3. Defendant UAW International is a "labor organization" within the meaning of the National Labor Relations Act, 29 U.S.C. §151, *et seq.* ("NLRA"), and Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, *et seq.* ("LMRA").

4. Plaintiff alleges the Union Defendant breached its duty of fair representation by failing to demand a hearing after his 1986 termination and by failing to inform him of his rights under the UAW Constitution. (Ex. 1, Complaint, ¶8(f) and (g)). The allegations contained in Plaintiff's Complaint challenge the union representation he received. Plaintiff's Complaint alleging the Union Defendant breached the duty of fair representation arises under and is governed by federal labor laws under NLRA Section 9(a), 29 U.S.C. §159(a), and LMRA Section 301, 29 U.S.C. §185 *et seq.*, and thus federal courts have original subject matter jurisdiction over such a claim pursuant to 28 U.S.C. §1331. *See Maynard v. Revere Copper Products, Inc.*, 773 F.2d 773, 735 (6th Cir. 1985) ("[t]he duty of fair representation is a federally created statutory duty and federal law governs a cause of action for breach of that duty." (*citing Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). Plaintiff's duty of fair representation claim accordingly is removable under 28 U.S.C. §1441.

5. Plaintiff further alleges that his former employer, Defendant Ford Motor Co., terminated his employment without just cause under the Collective Bargaining Agreement ("CBA") and that the Union Defendant failed to properly pursue the grievance challenging his discharge. (Ex. 1, Complaint, ¶8(d)(e) and (f)). Plaintiff is alleging a classic hybrid Section 301/duty of fair representation claim against the Union Defendant and Ford Defendant. LMRA Section 301 confers subject matter jurisdiction over such claims on the federal court. *See*, *Maynard, supra*.

6. In addition, questions relating to what the parties to a CBA agreed, and what legal consequences were intended to flow from breaches of the agreement, must be resolved by reference to uniform federal law under Section 301, whether such questions arise in the context of a suit for breach of contract or in suit alleging liability in tort. *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 211 (1985).

7. Plaintiff further alleges that the Defendant Union failed to follow union rules and protocol with respect to Article 33 of the UAW Constitution by not informing him of his rights under the Constitution. (Ex. 1, Complaint, ¶8(g)). Section 301 of the LMRA also confers on federal courts subject matter jurisdiction over claims arising under union constitutions. *See Woodell v. IBEW Local 71*, 502 U.S. 93, 122 S.Ct. 494 (1991). District courts must therefore treat any state law claims that depend on an analysis of a CBA or union constitution as a Section 301 claim, or as a claim that is otherwise preempted by federal labor law. *Allis Chalmers Corp*. at

3

220.

8. Plaintiff further alleges that he was denied his pension and benefits. Common-law contract and tort claims arising from an employer's termination of benefits under a plan covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA") must be brought under the exclusive federal cause of action provided under the statute, 29 U.S.C. §§1132(a)(1)(B), 1144(a). Plaintiff's pension and benefits plans are controlled by ERISA. This Court has federal question subject matter jurisdiction over this action. "State law claims, regardless of how they are pleaded, are preempted if they 'relate to' an ERISA plan." *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993), *quoting FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990).

9. Plaintiff's 2021 Complaint alleges nearly identical claims to a companion case lawsuit under Local Rule 83.11 that he brought against Union Defendant, Ford Defendant, and two individual defendants in August of 2017 in *Adams v. Ford Motor Company, UAW International, Felicia Fields, an individual and James Settles, JR., an individual*, E.D. Mich. case no. 17-cv-13042; Hon. Denise Page Hood (Ex. 2). In that 2017 companion case, Plaintiff also claimed that Defendant Ford had terminated his employment in violation of the CBA and that Defendant UAW breached the duty of fair representation by failing to fairly represent him. This Court dismissed that 2017 companion case on the pleadings. (Ex. 3; ECF 16).

10. In the alternative, to the extent Plaintiff has pled any viable state law claims against Defendants, such claims are subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

11. Venue is appropriate in the Eastern District of Michigan because the Third (Wayne County) Circuit Court is located within this judicial district. 28 U.S.C. §1441(a).

12. Pursuant to 28 U.S.C. §1446(a), a true and accurate copy of all process and pleadings served on the Union Defendant are attached as Exhibit 1.

13. This Notice of Removal is filed within 30 days of service on Defendant UAW International in accordance with 28 U.S.C. §§1441 and 1446(b).

14. After filing this Notice of Removal, UAW International will give notice of the filing of this Notice of Removal to the Third (Wayne County) Circuit Court and to Plaintiff pursuant to 28 U.S.C. §1446(d).

WHEREFORE, Defendant UAW International removes and gives notice of removal of this action from the Michigan state court, Third (Wayne County) Circuit Court, to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,
McKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.
By: /s/ John R. Canzano
    JOHN R. CANZANO (P30417)
    Attorneys for UAW International
    423 N. Main Street, Suite 200
    Royal Oak, MI 48067
    (248) 354-9650
    jcanzano@michworkerlaw.com

Dated: October 21, 2021

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2021, the foregoing paper was filed with the Clerk of the Court using the ECF system and served upon:

>Joseph Adams, Jr.
>8202 Inkster Road
>Dearborn Heights, MI 48127

via U.S. First Class Mail, postage fully prepaid.

>McKNIGHT, CANZANO, SMITH,
>RADTKE & BRAULT, P.C.
>
>By:/s/ *John R. Canzano*
>    JOHN R. CANZANO (P30417)
>    Attorneys for UAW International
>    423 N. Main Street, Suite 200
>    Royal Oak, MI 48067
>    (248) 354-9650
>    jcanzano@michworkerlaw.com

P:\UAW\Ford Motor Co\Adams v UAW 2\Pleadings\Notice of Removal Adams v UAW2.docx

RECEIVED
SEP 3 0 2021
President's Office

STATE OF MICHIGAN
WAYNE COUNTY THIRD JUDICIAL CIRCUIT COURT
CIVIL DIVISION

ADAMS JR., JOSEPH v FORD MOTOR CO!
Hon. Leslie Kim Smith        09/21/2021

JOSEPH ADAMS JR.

    Plaintiff,                                              21 – 012398 – CZ

-vs-

FORD MOTOR COMPANY,
AND UAW,

    Defendant.

---

| Ford Motor Company | Joseph Adams, Jr. |
|---|---|
| 1 American Rd | 8202 Inkster Road |
| Dearborn, MI 48126 | Dearborn Heights, MI 48127 |

UAW Solidarity House
8000 E. Jefferson Ave.
Detroit, MI 48214

---

### CIVIL LAWSUIT AND JURY DEMAND
**Plaintiff submits that no prior action has been filed raising the herein claims**

NOW COMES Plaintiff Joseph Adams Jr., and hereby moves this Honorable Court to grant this action and order the Defendants to provide a pension to Plaintiff as justice and equity requires:

1. Plaintiff hired-in at the Ford Motor Company September 1977, as a general laborer.

2. On October of 1982, Plaintiff was laid-off due to lack of work.

3. In 1986 Plaintiff was called back to continue working at Ford Motor Company. And on August 11, 1986, he was terminated based on a 5-day quit notice for allegedly abandoning his duties.

4. Plaintiff did not abandon his job, as he was injured and was obeying a doctor's order.

5. Ford Motor Company was required to send Plaintiff to their doctor to verify his injuries, but instead advised Plaintiff to go to his own personal doctor.

6. Plaintiff's doctor provided him a medical lay-in and advised him not to return to work until August 11, 1986.



7. When Plaintiff returned to work on August 11, 1986, he was terminated.

8. Plaintiff contends that he was wrongfully terminated for the following reasons:

   a). Ford Motor Company failed to do their due diligence in ascertaining Plaintiff's injury;

   b). Ford Motor Company failed to notify OSHA of the incident as required;

   c). Ford Motor Company failed to extend Plaintiff the necessary medical days prescribed by his doctor;

   d). Ford Motor Company failed to follow the proper protocol. Instead of capriciously terminating Plaintiff, the proper protocol was to provide a hearing to ascertain the facts.

   e). Ford Motor Company failed to conduct a hearing to provide Plaintiff the opportunity to provide evidence of why he did not return to work earlier before arbitrarily and capriciously terminating his employment. No hearing was provided.

   f). The UAW, as the legal representative of Plaintiff, failed to demand that a hearing be conducted as required;

   g). The UAW failed to advise Plaintiff of his rights such an article 33 and other rights that were afforded to members of the UAW, but allowed confusing messages to be sent.

   h). The Chairman of the UAW, Carl Klein, reviewed the matter and wrote a grievance based on what he found to be "mixed messages" as to the notice of termination.

   i). Finally, in an effort to resolve this matter prior to filing this lawsuit, Plaintiff sent a letter to the UAW regarding this matter. On February 11, 2021, Plaintiff received a response from a representative the UAW stating that they would forward his letter to the UAW Vice President *"requesting that your eligibility for pension credits be reviewed by the appropriate staff under his jurisdiction to determine if you are entitled to any pension benefits from Ford Motor Company based on your prior service."* As of this date, Plaintiff has not received any further response.

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>21-012398-CZ<br>Hon. Leslie Kim Smith |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-2427

**Plaintiff's name(s), address(es), and telephone no(s)**
ADAMS JR., JOSEPH

v

**Defendant's name(s), address(es), and telephone no(s).**
UAW SOLIDARITY HOUSE

**Plaintiff's attorney, bar no., address, and telephone no**

JOSEPH ADAMS JR.
8202 INKSTER ROAD
DEARBORN HEIGHTS, MI 48127

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

— The action ☐ remains ☐ is no longer pending.

---

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/21/2021 | Expiration date*<br>12/21/2021 | Court clerk<br>Rementa Canyon |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     SUMMONS     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>**JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **COMPLAINT**<br>Page    of    pages | **CASE NO.** |

Court address                                                                                                                    Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Joseph Adams Jr.<br>8202 Inkster Rd.<br>Dearborn Hghts, MI 48127 | v | Ford Motor Company<br>and UAW Region 1A |
| Plaintiff's attorney, bar no., address, and telephone no. | | |

See Attached: the complaint is in regards of pension and benefits.

9-21-21
Date

Signature: Joseph Adams Jr.

MC 01a (6/19)  **COMPLAINT**

WHEREFORE, based on Ford Motor Company and the UAW's failures, Plaintiff's livelihood and financial status has been greatly reduced causing financial hardship and emotional distress. Plaintiff respectfully requests that this Court find that Defendant's Nonfeasance was willfully negligent, violated established regulations, and denied him due process of law. Consequently, Plaintiff should be afforded a pension as required.

Respectfully,

*Joseph Adams Jr.*

Joseph Adams, Jr.
8202 Inkster Road
Dearborn Heights, MI 48127

Dated 9-17-2021

### AFFIDAVIT SWORN/ DECLARATION

I, Joseph Adams, Jr., declare under the penalty of perjury that the above facts are true to the best of my knowledge, information and belief.

Respectfully,

*Joseph Adams Jr.*

Joseph Adams, Jr.

Dated 9-17-2021

STATE OF MICHIGAN
WAYNE COUNTY THIRD JUDICIAL CIRCUIT COURT
CIVIL DIVISION

JOSEPH ADAMS JR.

Case No. C2

    Plaintiff,

-vs-

FORD MOTOR COMPANY,
AND UAW,

    Defendant.
_____/

## PROOF OF SERVICE

I, Joseph Adam's Jr., hereby states that on  9-17-21 , I served a copy of the herein Civil Action on the Defendant's by U.S mail, addressed as follows:

Ford Motor Company
1 American Rd
Dearborn, MI 48126

UAW Solidarity House
8000 E. Jefferson Ave.
Detroit, MI 48214

Chuck Browning, Director
UAW Region 1A
9650 S. Telegraph Road
Taylor, MI 48180

Respectfully submitted,

*Joseph Adams*
Joseph Adam's
8202 Inkster Road
Dearborn Heights, MI 48127

Dated 9-17-2021


U.S. POSTAGE PAID
FCM LG ENV
REDFORD, MI
48239
SEP 27, 21
AMOUNT
$4.91
R2305E124243-77


48214

RECEIVED
SEP 3 0 2021
President's Office

UAW Solidarity House
Mr Ray Curry
8000 E. Jefferson Ave
Detroit Mich 48214




7021 0350 0000 8983 6327

Joseph Adams
8202 N Inkster Rd
Dearborn Hgy 48127