UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ADAMS,

        Plaintiff,

v.

UAW INTERNATIONAL UNION,
and FORD MOTOR COMPANY,

        Defendants.
_____/

CASE NO. 21-12472

HON. DENISE PAGE HOOD

### ORDER GRANTING DEFENDANT UAW INTERNATIONAL UNION'S MOTION TO DISMISS (ECF No. 4) and DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS (ECF No. 10)

This matter comes before the Court on Defendant UAW International Union's ("Defendant UAW's") October 28, 2021 Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 4). A response and reply have been filed and a hearing was held on Defendant UAW's motion on December 14, 2021. Defendant Ford Motor Company's Motion to Dismiss was filed on December 6, 2021, setting forth the same arguments as Defendant UAW raised in its motion. Because Plaintiff's claims are barred by *res judicata*, the claims against Defendants UAW and Ford are dismissed with prejudice.

I.      FACTUAL AND PROCEDURAL BACKGROUND

   A.      Case Number 17-13042

Plaintiff Joseph Adams filed suit in state court on August 25, 2017 alleging that he was wrongfully terminated by Defendant Ford Motor Company (Defendant Ford) on August 22, 1986 and that Defendant UAW breached its duty of fair representation. *Adams v. Ford Motor Company, UAW International, Felicia Fields, an individual and James Settles, JR., an individual.* Case No. 17-cv-13042; ECF No. 1-1. Defendants removed the case to this Court on September 15, 2017. *Id.*

On May 1, 2018, the Court granted the motion by all Defendants for Judgment on the Pleadings. *Id.*; ECF Nos. 16-17. The Court held that the claims brought under the Labor Management Relations Act, 29 U.S.C. § 185(a)("LMRA") against both Defendant Ford and Defendant UAW were barred by a six-month statute of limitations on hybrid § 301 claims under National Labor Relations Act ("NLRA") 29 U.S.C. § 160. *Id.*; ECF No. 16, PageID.149. To the extent that the *pro se* complaint could have been construed to also include discrimination claims pursuant to Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), the Court held that they were barred by a three-year statute of limitation under MCL § 600.5805(10). *Id.*, PageID.150. The Court also found that Plaintiff's loss of a pension due to the job termination, by itself, did not state a viable claim for relief under Employee

2

Retirement Income Security Act 29 U.S.C. § 1001 *et seq.* ("ERISA"). *Id.*, PageID.148.

### B. The Present Case

Plaintiff filed suit in state court on September 30, 2021 alleging that he was wrongfully terminated by Defendant Ford on August 22, 1986 after taking a medical leave. ECF No. 1, PageID.7.  He alleges further that Defendant UAW breached its duty of fair representation by failing to request a hearing regarding the termination or advise Plaintiff of his rights. *Id.*, PageID.8.  The case was removed to this Court on October 21, 2021.  Defendant UAW filed the Motion to Dismiss on October 28, 2021.  ECF No. 4.  A response and reply have been filed and a hearing held on the matter.

## II. ANALYSIS

### A. The Current Claims are Barred by *Res Judicata*

*Res judicata* requires that a plaintiff initially raise all claims in prior suits and bars those claims from being litigated at some future time. *See Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1031-32 (6th Cir. 1998).  In its modern form, the doctrine of *res judicata* involves both "claim preclusion" and "issue preclusion." *See Migra v. Warren City School District Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984). Claim preclusion involves three elements: 1) there must be a final

judgment on the merits on the prior lawsuit; 2) the same claims are involved; and 3) the same parties or their privies are involved. *EEOC v. United States Steel Corp.*, 921 F.2d 489, 493 (3rd Cir. 1990); *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *James v. Gerber Products Co.*, 587 F.2d 324, 327-28 (6th Cir. 1978).

This Court has already issued a final decision on the merits of Plaintiff's current claim. On May 1, 2018, this Court dismissed with prejudice Plaintiff's claims against both Ford and the UAW regarding his August 1986 termination. "In the federal courts, a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full *res judicata* effect." *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989). The Court's dismissal of the Plaintiff's previous action under Rule 12(c) applied the same standards as a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates,* 498 F.3d 434, 438 (6th Cir. 2007).

Second, Plaintiff's claims in the current action are in substance identical to the previously dismissed claims. As in the former suit, Plaintiff's claims pertain to his August 1986 termination by Ford and the UAW's alleged failure to adequately represent his interests. His former allegations that Ford failed to comply with the collective bargaining agreement and that the UAW breached its duty of fair

4

representation, governed by LMRA, are restated here. Third, the two current Defendants, UAW and Ford, were also named in the previous action.[1]

Because there has been a prior determination on the merits, Plaintiff is making substantively identical claims as in the dismissed action, and the same parties are involved, Plaintiff's claims against the UAW in this case are barred by *res judicata*.[2]

## B. Plaintiff's Claims are Also Time-Barred

Even if *res judicata* would not apply to the current action, Plaintiff's claims pertaining to his 1986 termination are time-barred. The Court previously noted that there was a six-month statute of limitations on hybrid § 301 claims. Case No. 17-13042; ECF No. 16. *See*, *Garrish v. Int'l Union United Auto., Aerospace & Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005)("Such a claim accrues when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the cause of action."); 29 U.S.C. § 160. The Court observed that while Plaintiff's employment with Defendant Ford was terminated on

---

[1] Two individuals named in the previous action are not named in this one.

[2] While Plaintiff argues that this case should be remanded to state court because this Court does not have jurisdiction over his claims, (ECF No. 6, PageID.111), Defendant UAW is correct that this Court has original subject matter jurisdiction over the LMRA claims under 28 U.S.C. § 1331. (ECF No. 1, PageID.2)(citing *Maynard v. Revere Copper Products, Inc.,* 773 F.2d 733, 735 (6th Cir. 1985)).

August 22, 1986, he failed to file a grievance with Ford until June 14, 1996. Case No. 17-13042; ECF No. 16. As to Defendant UAW, the Court found that letters attached to the previous complaint showed that at the latest, Plaintiff was aware of Defendant UAW's abandonment of his claim against Ford by May 2004. *Id.*

Plaintiff's argument that the claims are not time-barred pursuant to the continuing violation doctrine under §301 fails for multiple reasons. ECF No. 6, PageID.111. Plaintiff's argument relies on a February 11, 2021 letter from the Director of the UAW promising to review Plaintiff's eligibility for pension credits but that the case "was closed out far beyond the time limits to take any formal action . . ." *Id.*, PageID.113. First, Plaintiff does not explain how the letter implicates the UAW in any wrongdoing related to the 1986 termination or in its subsequent conduct. Second, even if continuing violations occurred, Plaintiff would have to show that they occurred within the six-month period before filing suit. *See Sevako v. Anchor Motor Freight, Inc.,* 792 F. 2d 570, 575 (6th Cir. 1986)("Only those asserted improper acts occurring six-months prior to the institution of suit in federal district court . . . are actionable"). Because the February 11, 2021 letter was composed (and presumably received) earlier than the six-month period before Plaintiff filed suit on September 3, 2021, he has no basis for recovery under the continuing violations doctrine.

## III.  CONCLUSION

For these reasons,

IT IS ORDERED that Defendant UAW International Union's Motion to Dismiss (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Defendant Ford Motor Company's Motion to Dismiss (ECF No. 10) is GRANTED based on *res judicata* for the same reasons set forth above.

IT IS FURTHER ORDERED that the claims and case against Defendants UAW and Ford are DISMISSED WITH PREJUDICE.  This action is designated CLOSED on the docket.

                                                                       s/Denise Page Hood  
                                                                      DENISE PAGE HOOD  
                                                                      United States District Judge

DATED:  July 16, 2024